Douglass, Justice, delivered the opinion of, the court: J. C. Stickney and J. Stickney, partners under the style and firm of J. 0. Stickney & Co., brought an action of assumpsit in the Gal-latin circuit court against the Bank of Illinois, to recover the sum of $1,229.80, upon a case arising out of a state of facts in substance as follows: Stickney & Co. were indebted to the bank on two promissory notes, amounting to the sum of $10,959.09, bearing date October 24th, 1839, and payable seven months after date, and drawing inter- . est at the rate of eight per centum per annum from date, until [* 5] paid. At the time of the execution of the notes, Stickney & Co. gave the bank a mortgage on a certain stock of goods, and two lots of land, to secure the payment of said notes. In said mortgage, it is provided among other things, “ that if the said bank should deem it necessary for the security of the said aggregate debt of $10,959.09, to take possession of the said goods, wares, merchandise, and personal property, before the falling due of said first notes now executed, or before the falling due of any of the renewed notes (the right to renew the notes being reserved), they will piit some competent and trustworthy person in possession of the same, as their agent, and will apply the proceeds of all sales made by such agent, after deducting expenses, to the credit of said parties of the first part (Stickney & Co.) on said notes, or at the option of said parties of the first part, will sell the same at auction, and apply the net proceeds as aforesaid.” The bank having determined to take possession of said stock of goods, in accordance with the terms of the mortgage, Stickney & Co. executed an instrument of writing in these words: “ If Mr. Morris and J. C. Sloo are appointed agents under regulations prescribed by the bank, we will give quiet possession of the property, upon the condition of the sale being for twelve months’ paper, to pay the amount secured by mortgage, 8,818 67 2,640 42 110,959 09 Sale to be fixed on the first of February, or later, — keys to be delivered to the agents, and store closed. “ J. C. Stickney & Co.” The bank acceded to the conditions imposed by Stickney & Co., and on the 16th of January, 1840, the parties mutually executed a written agreement, appointing the 10th of February thereafter, as the day upon which the sale of said goods should be commenced, and continue from day to day, until concluded; the terms to be at auction, upon a credit of twelve months, the purchaser giving his note with security, payable in bank, and bearing interest at the rate of six per centum after the expiration of six months. After the goods were sold and the payment secured in pursuance of this agreement, the bank, through its cashier, exhibited to Stickney & Co., a statement showing the amount of sales, and the interest upon the sale notes for the last six months, and also the amount of the two promissory notes due from Stickney & Co. to the bank, and the interest thereon, at the rate of eight per centum, from their dates to the maturity of the sale notes, and thus balancing the accounts between the parties. At the time that the calculations were made, and the balance struck, the bank surrendered to Stickney & Co. their two notes, [* 6] which the latter received without making any objection to the charge of interest up to the maturity of the sale notes; but, about one year thereafter, they called upon the bank to refund the interest, and upon refusal, brought this suit. The declaration is in the usual form in assumpsit, containing two common counts, to which the defendants pleaded the general issue and payment. Upon a trial before a jury, a verdict was rendered for Stickney & Co. for §700. The defendants below moved for a new trial, and also in arrest of judgment; both of which motions were overruled. The errors assigned are the decisions, first, in overruling a motion for a new trial; and, secondly, in refusing to arrest the judgment. _ The last error assigned seems to have been abandoned in the argument, and upon an inspection of the record we perceive no cause for arresting the judgment. The motion for a new trial requires more serious consideration. The bill of exceptions embraces the whole evidence, and all the material facts are contained in the preceding statement of the case. Stickney & Co. executed their notes to the bank for §10,959.09, payable in seven months, and bearing interest at the rate of eight per centum, until paid. The mortgage was given to secure the payment of these notes, including principal and interest, and to render their security more effectual, a clause was inserted authorizing the bank to sell the goods, and, after deducting the expenses of the sales, credit the balance of the proceeds upon the notes. The terms of the mortgage are decisive of the intention of the parties upon this point; the notes were to draw interest until the sales were made, and the proceeds realized by the bank. Such being the provisions of the mortgage, it remains to be determined, whether the subsequent agreement changed the rights of the parties. The agreement was that the sales should be made upon a credit of twelve months, instead of cash in hand, and that the sale notes should bear interest after the first six months. It appears from the bill of exceptions, that this change in the terms of the sales was made not only at the instance and for the benefit of Stickney & Co., but was imposed upon the bank as a condition upon which the peaceable possession of the goods could be obtained in pursuance of the provisions of the-mortgage. Without this agreement the bank was entitled to interest on the notes until the proceeds of the sales were realized, and ean it be seriously insisted that there is anything in this contract which deprives the bank of this right ? The language of the instrument does not authorize such a construction, and surely justice between the parties would not warrant the conclusion. All the advantages of the change in the terms of sale resulted to Stickney & Co. They were thereby enabled to have their goods sold upon a [* 7] credit of twelve month's, and doubtless at greatly advanced prices, whilst the bank, deriving no benefit whatever from the arrangement, was deprived of tbe use of its money for the same period. Whilst the terms of the contract and the justice of the ease lead to the conclusion that the bank is entitled to this interest, the conduct of the parties, during the period the facts transpired, and for a long time subsequently, clearly show that such was their understanding of their respective rights; for, immediately after the sale of the goods, the bank rendered to Stick-ney & Co. an account of all the transactions between them, . charging them, among other things, with interest on their notes from date to the maturity of the sale notes, and at the same time surrendered up -the notes, which Stickney & Co. received, without making any objection to the charge of interest. Arriving at the conclusion, therefore, that the bank was entitled to interest on the notes until the maturity of the sale notes, it follows that the verdict of the jury was manifestly against law and evidence, and that a new trial should have been granted. For these reasons the judgment of the court below is reversed, and the cause remanded for further proceedings in conformity with this opinion. Judgment reversed.